UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Magistrate Case No. |
| Plaintiff, | ) ) ) | **'08 MJ 1091** |
| v. | ) ) | COMPLAINT FOR VIOLATION OF: |
| **Def 1) Luis Enrique LEON-Leyva,** **Def 2) Joel Neftali CASTILLO-Ventura** | ) ) ) ) | Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) & (v)(II) Transportation of Illegal Aliens & Aiding and Abetting |
| Defendant(s) | ) ) | |

The undersigned complainant, being duly sworn, states:

On or about **April 7, 2008,** within the Southern District of California, defendants **Luis Enrique LEON-Leyva and Joel Neftali CASTILLO-Ventura,** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that alien, namely, **Fidel GASGA-Rubio,** had come to, entered and remained in the United States in violation of law, did transport and move, said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) & (v)(II).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **9th** DAY OF **APRIL 2008**

_____
Ruben B. Brooks
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Luis Enrique LEON-Leyva
Joel Neftali CASTILLO-Ventura

# PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Fidel GASGA-Rubio,** is a citizen of a country other than the United States; that said alien has admitted that he is deportable; that his testimony is material, that it is impracticable to secure his attendance at the trial by subpoena; and he is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On April 7, 2008, Border Patrol Agents J. Franco and A. Jones were assigned to the Interstate 8 Westbound Checkpoint near Pine Valley, California. The Interstate 8 Checkpoint is located ten miles north and five miles east of the Tecate, California Port of Entry. The checkpoint was fully operational.

At approximately 9:15 p.m., a grey 1500 series Chevrolet Silverado pick-up, without license plates, approached the primary inspection area. Agent Franco was at the primary inspection area and questioned the driver and his two visible occupants as to their citizenship. The driver stated he was a Mexican citizen with valid documents to be in the United States. The passenger, later identified as one of the defendants **Joel Neftali CASTILLO-Ventura**, claimed to be a United States citizen. During the interview of the third visible occupant, Agent Franco saw a person under a blanket behind the driver side seat. Agent Franco asked the driver to park his vehicle into the secondary inspection area for further questioning as to the citizenship of the person or persons under the blanket. The driver, later identified as the other defendant **Luis Enrique LEON-Leyva**, accelerated as he approached the secondary inspection area and drove through without stopping.

Border Patrol Agent J. Hoeckle was located on Interstate 8, approximately 150 feet west of the Interstate 8 Westbound checkpoint primary position, with a controlled tire deflation device. Agent Hoeckle observed the suspect vehicle accelerate through the secondary inspection area and deployed the controlled tire deflation device across both westbound lanes of Interstate 8. The controlled tire deflation device was successful in deflating all four tires of the suspect vehicle.

LEON continued driving the vehicle approximately one half mile, then pulled to the right shoulder of the westbound Interstate 8 and LEON and the occupants attempted to abscond from the vehicle. Border Patrol Agents H. Tran, J. Eatchel, and C. Sadberry pursued the suspect vehicle and apprehended four out of the five occupants in the brush near the vehicle. All four individuals were each questioned as to their citizenship and three individuals, not including LEON, and including CASTILLO freely and voluntarily admitted to being citizens and nationals of Mexico, present in the United States without having been properly admitted or paroled. LEON claimed to have a Border Crossing Card. LEON, CASTILLO and the two other individuals were arrested and taken to the Campo Border Patrol Station for processing.

CONTINUATION OF COMPLAINT:
Luis Enrique LEON-Leyva
Joel Neftali CASTILLO-Ventura

### DEFENDANT STATEMENT: Luis Enrique LEON-Leyva

Defendant Luis Enrique LEON-Leyva was advised of his Miranda Rights. He stated he understood and was willing to make a statement without a lawyer present. LEON stated that he was having a drink with his friends when he was offered $700.00 USD to transport undocumented aliens to Los Angeles, California after picking them up in Campo, California. On April 7, 2008, LEON was given a vehicle for this purpose and waited at the beach for a call that the undocumented aliens were ready to be transported. LEON meanwhile picked up the other defendant Joel Neftali CASTILLO-Ventura, at a Carls Jr. fast food restaurant. LEON stated that CASTILLO knew the route and showed him how to arrive at the area where he picked up the undocumented aliens. LEON said that they arrived and everyone got in to the passenger cabin of the truck. LEON stated that they drove to the Border Patrol Interstate 8 westbound checkpoint where they were inspected and sent to secondary. At that point, LEON stated that CASTILLO told him to step on the gas and get away from the checkpoint.

### DEFENDANT STATEMENT: Joel Neftali CASTILLO-Ventura

Defendant Joel Neftali CASTILLO-Ventura was advised of his Miranda Rights. He stated he understood and was willing to make a statement without a lawyer present. CASTILLO again freely admitted to being a citizen of Mexico illegally present in the United States and not in possession of immigration documents that would allow him to be in or remain in the United States. CASTILLO stated that he entered the United States illegally on March 31, 2008. CASTILLO was contacted the next week by an acquaintance who asked him to do a favor. CASTILLO was to meet someone later identified as the other defendant Luis Enrique LEON-Leyva, near the San Ysidro Port of Entry. CASTILLO stated that he did not know LEON and that his task was just to accompany LEON for the day and also go to Viejas Casino. CASTILLO stated that he started driving to Viejas Casino but missed the exit. They later arrived at the Buckman Springs exit. CASTILLO stated that he exited the vehicle to use the restroom, came back and LEON was driving the truck at this point. They circled the area and LEON stopped the vehicle at which point several people got in the vehicle. CASTILLO stated that he knew those subjects were present in the United States illegally. At the checkpoint they were referred to the secondary inspection area and CASTILLO stated that he told LEON to flee from the checkpoint.

### MATERIAL WITNESS STATEMENT: Fidel GASGA-Rubio

Material witness **Fidel GASGA-Rubio** freely admitted to being a citizen of Mexico illegally present in the United States and not in possession of immigration documents that would allow him to be in or remain in the United States legally. GASGA stated he entered the United States illegally on April 7, 2008 through the mountains. GASGA stated that he was going to be charged $1,800.00 (USD) to be smuggled into the United States and was going to Mira Mesa, California.